◼ DARLENE KULHAN, Respondent, v MINXRAY, INC., Defendant, and SURGICAL SUPPLY SERVICE, Appellant. [679 NYS2d 690] —In an action to recover damages for personal injuries, the defendant Surgical Supply Service appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), dated October 16, 1997, as denied its cross motion, *inter alia,* to dismiss the complaint insofar as asserted against it on the ground of spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained physical injuries when the X-ray machine she was using in examining a patient disassembled, striking her. As a result, the plaintiff commenced the instant action against both the manufacturer Minxray, Inc., and the appellant distributor-installer of the unit, Surgical Supply Service (hereinafter the defendant), asserting causes of action to recover damages based on negligence, strict products liability, and breach of warranty. Prior to commencing the action, the plaintiff had the unit in question tested by experts, and subsequently moved the unit when she relocated her podiatry office. The appellant was provided with photographs and a video of the testing, and the stored X-ray unit was available for inspection.

We agree with the Supreme Court that under these circumstances the plaintiff's complaint should not be dismissed, nor should she be sanctioned for spoilation of evidence. The appellant failed to demonstrate that the plaintiff's testing and relocation of the unit constituted either negligent or intentional spoilation (*see, Prasad v B.K. Chevrolet,* 184 AD2d 626). Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.