■ SHOSHANA FAVISH et al., Appellants, v MELVIN TEPLER et al., Respondents. [741 NYS2d 910] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated July 16, 2001, which granted those branches of the separate motions of the defendant Melvin Tepler and the defendants MRI Associates of Brooklyn, P.C., and Daniel B. Norowitz which were to stay the trial until the plaintiffs provided certain original fluoroscopic films, and to dismiss the complaint unless the plaintiffs provided those films within 120 days.

Ordered that the order is reversed, with one bill of costs payable by the respondents appearing separately and filing separate briefs, those branches of the motions which were to stay the trial are denied, and those branches of the motions which were to dismiss the complaint are remitted to the Supreme Court, Kings County, for determination of a less severe sanction for the loss of the original fluoroscopic films.

A sanction for spoliation of evidence may be imposed under appropriate circumstances where a party negligently loses or destroys evidence (see *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170; *Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin A.C. Corp.,* 221 AD2d 243). While reluctant to dismiss a pleading absent willful or contumacious conduct, courts will consider the extent of prejudice to a party and whether dismissal is necessary as a "matter of elementary fairness" (*Puc-*

*cia v Farley,* 261 AD2d 83, 85; *Kirkland v New York City Hous. Auth.,* 236 AD2d at 175).

The Supreme Court improvidently exercised its discretion in conditionally dismissing the plaintiffs' complaint as a sanction for the loss of certain original fluoroscopic films taken of the infant plaintiff's injured wrist. There is no evidence that the plaintiffs acted willfully, contumaciously, or in bad faith. The record does not demonstrate that the loss of the films will fatally compromise the defense (*compare Kirkland v New York City Hous. Auth., supra* at 176) or leave the defendants without the means to defend the action (*compare DiDomenico v C & S Aeromatik Supplies,* 252 AD2d at 53). Under the circumstances, the court should have considered a less severe sanction (*see Vaughn v City of New York,* 201 AD2d 556).

To the extent the plaintiffs contend that the court erred in concluding that they were responsible for the loss of the original films, that issue was determined in a prior order from which no appeal was taken. Therefore, it is not properly before us on this appeal (*see Vlassis v Corines,* 247 AD2d 609; *Damen v North Shore Univ. Hosp.,* 234 AD2d 255).

The plaintiffs' remaining contention is unpreserved for appellate review. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.