■ PAUL RIZZOTTO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [752 NYS2d 538] —In an action to recover the proceeds of an automobile insurance policy, the defendant appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated November 2, 2001, which granted the plaintiff's motion, in effect, for leave to renew the defendant's prior motion for summary judgment dismissing the complaint, and, upon renewal, vacated an order dated August 20, 2001, granting the motion, and denied the defendant's motion for summary judgment.

Ordered that the order dated November 2, 2001, is reversed, on the law, with costs, the motion, in effect, for leave to renew is denied, and the order dated August 20, 2001, is reinstated.

The Supreme Court improperly denominated the plaintiff's motion pursuant to CPLR 2221 as one for reargument. The plaintiff's motion was based on facts not offered on the prior motion (*see* CPLR 2221 [e] [2]), and is properly denominated as a motion for leave to renew. The plaintiff did not allege that the court overlooked or misapprehended matters of fact or law in determining the prior motion (*see* CPLR 2221 [d] [2]).

A motion for leave to renew must be supported by new or ad-

ditional facts "not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3] [eff. July 20, 1999]; *see Malik v Campbell,* 289 AD2d 540). Here, the plaintiff failed to offer such a justification. Accordingly, the plaintiff's motion should have been denied. Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.