■ Rosie Gorman, Respondent, v Manuel Ochoa et al., Appellants. [768 NYS2d 364]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Durante, J.), dated September 11, 2002, as denied that branch of their motion which was to compel the plaintiff to undergo an examination by a vocational rehabilitation specialist, and (2) an order of the same court dated May 9, 2003, as denied that branch of their motion which was for leave to renew.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

It is well settled that the supervision of disclosure is generally left to the sound discretion of the trial court (*see Palermo Mason Constr. v Aark Holding Corp.,* 300 AD2d 460, 461 [2002]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was to compel the plaintiff to undergo an examination by a vocational rehabilitation expert (*see Kavanagh v Ogden Allied Maintenance Corp.,* 92 NY2d 952 [1998]).

It is also well settled that a motion for leave to renew must be supported by new or additional facts "not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Rizzotto v Allstate Ins. Co.,* 300 AD2d 562 [2002]; *Williams v Fitzsimmons,* 295 AD2d 342 [2002]). Here, the so-called new facts tendered by the defendants were either not new or they would not have changed the outcome. In addition, the defendants failed to offer

a reasonable justification for failing to tender the facts with their original motion. Accordingly, it was a provident exercise of discretion to deny the motion for leave to renew. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.