▬ URIEL IFRAIMOV et al., Appellants, v PHOENIX INDUSTRIAL GAS, LLC, et al., Respondents. (And a Third-Party Action.) [772 NYS2d 78]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 8, 2002, which granted the separate motions of the defendant Phoenix Industrial Gas, LLC, and the defendant Starlite Gas Corporation for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the facts, by deleting the provisions thereof granting the motions in their entirety and substituting therefor provisions granting the motions only to the extent of imposing a sanction of a negative inference charge as to the subject luncheonette truck and the propane tanks, and otherwise denying the motions; as so modified, the order is affirmed, with one bill of costs to the appellants.

This negligence and products liability action was commenced after the plaintiff Uriel Ifraimov sustained injuries as a result of a fire inside his luncheonette truck, which contained a cooking system fueled by propane gas connected to one of two 20-pound tanks stored inside the truck. A third propane tank was used as a spare but was not connected. The defendants were responsible for filling and delivering the propane tanks to Ifraimov at his truck site. After the fire, the New York City Police Department (hereinafter the Police Department) removed the damaged truck to its impound lot and the New York City Fire Department removed the propane tanks to a safe haven. In their complaint, the plaintiffs alleged, inter alia, that the fire was caused by the ignition of venting propane coming from the spare tank. The plaintiffs offered unrefuted testimony that the defendants had actual notice that the tanks were being overfilled and that a spare tank had caught fire one year prior to the accident.

Shortly after the fire and before the commencement of the action, the plaintiff's son signed a waiver permitting the Police Department to destroy the truck. Thereafter, despite service of a notice to preserve and maintain the tanks as well as a notice to admit that the tanks were still in existence, the plaintiffs failed to produce the tanks for inspection. Following discovery, the defendants successfully moved for summary judgment dismissing the complaint based on the spoliation of evidence.

The court improvidently granted the defendants' motions, as the record does not demonstrate that the loss of the evidence will fatally compromise the defense or leave the defendants without the means to defend the action (*see Mylonas v Town of Brookhaven,* 305 AD2d 561 [2003]; *Klein v Ford Motor Co.,* 303

AD2d 376 [2003]; *Favish v Tepler,* 294 AD2d 396 [2002]; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 294 AD2d 341 [2002]; *Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621 [2001]; *Romano v Scalia & DeLucia Plumbing,* 280 AD2d 658 [2001]; *cf. Horace Mann Ins. Co. v E.T. Appliances,* 290 AD2d 418 [2002]). Further, the plaintiffs are equally prejudiced by the loss of the items in their investigation of the proximate cause of the accident (*see O'Reilly v Yavorskiy,* 300 AD2d 456 [2002]; *Foncette v LA Express,* 295 AD2d 471 [2002]; *McLaughlin v Brouillet,* 289 AD2d 461 [2001]) and have not reaped an unfair advantage in the litigation (*compare New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652 [2001]). Under the circumstances, the court should have imposed the less severe sanction of a negative inference charge (*see Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 294 AD2d 341 [2002]).

The parties' remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.