■ VAN VASILIADES, Plaintiff, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Respondents. ROBERT B. SAMUELS, INC., Third-Party Defendant-Appellant. [776 NYS2d 831]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated October 22, 2002, which denied its motion to dismiss the third-party complaint on the grounds of laches and spoliation of evidence.

Ordered that the order is affirmed, with costs.

An action for indemnification such as the third-party action in this case, is an action at law (see McDermott v City of New York, 50 NY2d 211, 217 n 2 [1980]). The doctrine of laches has no application to such an action at law (see Roth v Black Star Publ. Co., 302 AD2d 442, 443 [2003]).

Further, the appellant's contention that a ladder the plaintiff borrowed from the third-party plaintiffs constituted a key piece of evidence which was lost (cf. Kirkland v New York City Hous. Auth., 236 AD2d 170, 173 [1997]) is based on pure speculation. In any event, the appellant failed to establish any intentional or negligent conduct on the part of the third-party plaintiffs (see Kulhan v Minxray, Inc., 255 AD2d 364 [1998]). Altman, J.P., Goldstein, Adams and Crane, JJ., concur.