DAWN LAWSON et al., Respondents, v ASPEN FORD, INC., Defendant, and FORD MOTOR COMPANY, Appellant. (And a Third-Party Action.) [791 NYS2d 119]—

In an action to recover damages for personal injuries, etc., the defendant Ford Motor Company appeals from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated June 24, 2003, which, inter alia, denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it or, in the alternative, for an order of preclusion pursuant to CPLR 3126, and (2) an order of the same court dated October 23, 2003, which denied its motion seeking leave to renew that branch of its prior motion which was for summary judgment.

Ordered that the orders are affirmed, with one bill of costs.

Under the circumstances of this case, the Supreme Court properly denied the motion of the defendant Ford Motor Company (hereinafter Ford) for summary judgment dismissing the amended complaint insofar as asserted against it or, in the alternative, for an order of preclusion pursuant to CPLR 3126. Ford failed to establish that the plaintiffs' conduct in trading in the allegedly defective leased vehicle approximately two weeks after the subject accident fatally compromised its ability to defend this action (*see Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332 [2004]). In connection with sanctions for spoliation of evidence, "[w]hile reluctant to dismiss a pleading absent willful or contumacious conduct, courts will consider the extent of prejudice to a party and whether dismissal is necessary as a matter of elementary fairness" (*Favish v Tepler*, 294 AD2d 396 [2002] [citation and internal quotation marks omitted]; *see also Jones v General Motors Corp.*, 287 AD2d 757, 760 [2001]; *Popfinger v Terminix Intl. Co. Ltd. Partnership*, 251 AD2d 564 [1998]). Here, prior to the date of the accident, a Ford field service engineer actually inspected and tested the subject vehicle in connection with the very defect alleged by the plaintiffs. Moreover, although the vehicle is no longer in the plaintiffs' possession, there is nothing to suggest that it does not exist or cannot be located through its vehicle identification number. In any event, "in cases of alleged design defects, there is growing recognition that the loss of the specific instrumentality that allegedly caused the plaintiff's injuries is not automatically prejudicial to the manufacturer thereof because the defect will be exhibited by other products of the same design" (*Klein v Ford Motor Co.*, 303 AD2d 376, 378 [2003]).

Also relevant here is the fact that the plaintiffs and Ford face similar evidentiary difficulties as a consequence of the vehicle's unavailability. Thus, this is not a case in which the plaintiffs

"reaped an unfair advantage in the litigation" as a result of their conduct (*Ifraimov v Phoenix Indus. Gas, supra* at 334; *compare Cutroneo v Dryer,* 12 AD3d 811 [2004] [plaintiff's expert died after having examined the allegedly defective product, which was then lost before defendant's expert could examine it or cross-examine the plaintiff's expert]; *Thornhill v A.B. Volvo,* 304 AD2d 651 [2003] [plaintiff permitted her insurance company to dispose of the wrecked vehicle after consulting with an attorney and having the vehicle examined by her own expert, but before making it available to defendants for inspection]).

Under these circumstances, Ford failed to establish that a sanction as extreme as dismissal of the amended complaint or an order precluding the plaintiffs from introducing any evidence relating to the vehicle is warranted (*see Ifraimov v Phoenix Indus. Gas, supra; Klein v Ford Motor Co., supra; Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621 [2001]; *cf. Greco v Ford Motor Co.,* 937 F Supp 810 [SD Ind 1996]).

The Supreme Court providently exercised its discretion in denying Ford's motion for leave to renew, as the new facts upon which the motion was based would not have changed the court's prior determination (*see* CPLR 2221 [e] [2]; *Gorman v Ochoa,* 2 AD3d 582 [2003]).

Ford's remaining contentions are without merit. Luciano, J.P., Crane, Skelos and Fisher, JJ., concur.