■ JOSE ANTONIO BARAHONA, Respondent, v TRUSTEES OF COLUMBIA UNIVERSITY IN CITY OF NEW YORK, Appellant. [792 NYS2d 113]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated May 24, 2004, as denied that branch of its motion which was to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[W]hen a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (*Baglio v St.*

*John's Queens Hosp.,* 303 AD2d 341, 342 [2003]; *see also DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41 [1998]). The determination of spoliation sanctions is within the broad discretion of the court (*see Horace Mann Ins. Co. v E.T. Appliances,* 290 AD2d 418 [2002]).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3126, which was based upon the plaintiff's loss of the sneakers he was wearing when he fell down a staircase on the defendant's property (*see Iannucci v Rose,* 8 AD3d 437 [2004]). Assuming that the sneakers represented "key evidence" in this case, the defendant failed to demonstrate that the plaintiff's loss of the sneakers constituted either negligent or intentional spoliation (*see Goll v American Broadcasting Cos., Inc.,* 10 AD3d 672 [2004]; *Andretta v Lenahan,* 303 AD2d 527 [2003]; *Kulhan v Minxray,* 255 AD2d 364 [1998]).

The defendant's remaining contentions is without merit. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.