■ HENRY D. KIRSCHEN, Appellant, v CATHERINE MARINO et al., Respondents. [792 NYS2d 171]—

In an action to recover for damages to property based upon the breach of a lease, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), entered September 5, 2003, as granted the defendants' motion pursuant to CPLR 3126 to the extent of precluding the plaintiff from offering evidence as to the value of his damaged property, with the exception of his damaged cedar closet.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied.

The plaintiff commenced this action seeking to recover for the property damage to his house allegedly caused by the defendants, who rented the second floor apartment in the house from him. Prior to commencing the action, the plaintiff renovated and/or gutted the portions of the house that he claimed were damaged by the defendants.

A party seeking a sanction pursuant to CPLR 3126 such as preclusion or dismissal is required to demonstrate that "a litigant, intentionally or negligently, dispose[d] of crucial items of

evidence . . . before the adversary ha[d] an opportunity to inspect them" (*Kirkland v New York City Hous. Auth.,* 236 AD2d 170, 173 [1997]; *Popfinger v Terminix Intl. Co. Ltd. Partnership,* 251 AD2d 564 [1998]), thus depriving the party seeking a sanction of the means of proving his claim or defense. The gravamen of this burden is a showing of prejudice (*see Favish v Tepler,* 294 AD2d 396 [2002]; *Romano v Scalia & DeLucia Plumbing,* 280 AD2d 658 [2001]; *Knightner v Custom Window & Door Prods.,* 289 AD2d 455 [2001]; *Squitieri v City of New York,* 248 AD2d 201 [1998]). In both *Squitieri v City of New York* (*supra*) and *Kirkland v New York City Hous. Auth.* (*supra*) both of which have been cited frequently by this Court (*see e.g. Short v Bombardier, Inc.,* 269 AD2d 522 [2000]; *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41 [1998]; *Madison Ave. Caviarteria v Hartford Steam Boiler Inspection & Ins. Co.,* 306 AD2d 324 [2003]; *Baglio v St. John's Queens Hosp.,* 303 AD2d 341 [2003]; *Vasiliades v City of New York,* 7 AD3d 697 [2004]; *Favish v Tepler, supra*; *Horace Mann Ins. Co. v E.T. Appliances,* 290 AD2d 418 [2002]; *Behrbom v Healthco Intl.,* 285 AD2d 573 [2001]), the level of prejudice upon which dismissal rested was "severe" (*see also Squitieri v City of New York, supra* at 204, citing *Interested Underwriters at Lloyds v Rheem Mfg. Co.,* NYLJ, May 12, 1994, at 28, cols 4, 5 ["(defendant's) ability to mount a defense has been grievously impaired"]; *Kirkland v New York City Hous. Auth., supra* at 175, citing *Perez v Rondon,* NYLJ, Mar. 28, 1995 at 26, cols 2, 3 ["(T)hird-party defendant has been irrevocably stripped of a proper defense in this action . . . in view of the extreme prejudice to third party Defendant, the Court finds that dismissal of the third party actions to be proper"]).

The defendants failed to sustain their burden of demonstrating that they would be severely prejudiced by reason of the missing evidence in presentation of their defense to the plaintiff's claim. "The record does not demonstrate that the loss of the [evidence] will fatally compromise the defense . . . or leave the defendants without the means to defend the action" (*Favish v Tepler, supra* at 397). Both the plaintiff and the defendants have numerous photographs of the apartment formerly occupied by the defendants.

We are aware of the recent decision of the Appellate Division, First Department, in *430 Park Ave. Co. v Bank of Montreal* (9 AD3d 320 [2004]), which also involved a landlord's claims against former tenants and the plaintiff landlord undertaking repairs "prelawsuit" (*id.*). Although dismissal of one of the plaintiff's claims in that case was upheld based on the plaintiff's

spoliation of evidence, the court modified and reinstated plaintiff's other claims under the lease and the New York City Building Code, finding that "the proffered documents and the photographic evidence are sufficient to allow . . . a defense." Similarly, here the defendants have access to photographs. Moreover, as the former tenants and occupants of the premises in question, the defendants would be personally familiar with and thereby able to testify to their version of its condition at the time they vacated. In such circumstances, severe prejudice to the presentation of a defense has not been demonstrated.

Accordingly, the Supreme Court improvidently imposed the sanction of preclusion based upon the record before it (*see also Cameron v Nissan 112 Sales Corp.,* 10 AD3d 591 [2004]). Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.