UTICA MUTUAL INSURANCE COMPANY, Appellant, v BERKO- SKI OIL COMPANY et al., Respondents. [872 NYS2d 166]—

In an action to recover damages for injury to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 22, 2007, which granted the separate motions of the defendant Berkoski Oil Company and the defendant Security Communications Audio Network Corporation, also known as S.C.A.N. Security, to dismiss the complaint pursuant to CPLR 3126 on the ground of spoliation of evidence.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof granting the motions to dismiss the complaint and substituting therefor provisions granting the motions only to the extent of precluding the plaintiff from offering evidence at trial based upon any inspection of the subject pipe, and directing that an adverse inference charge be given at trial, and otherwise denying the motions; as so modified, the order is affirmed, with one bill of costs to the plaintiff.

In March 2003 the owners of a home located in Bridgehampton discovered that their premises had sustained extensive water damage. The owners made claim under their homeowner's insurance policy which was underwritten by the plaintiff, Utica Mutual Insurance Company, and which ultimately paid out more than $700,000 on the claim. In 2004 the plaintiff commenced this action against the defendant Berkoski Oil Company (hereinafter Berkoski), which had contracted with the owners to automatically deliver fuel oil to the premises, and against the defendant Security Communications Audio Network Corporation, also known as S.C.A.N. Security (hereinafter SCAN), which had installed and was responsible for monitoring a "low temperature sensor alarm" as part of a general home security system at the premises. Claiming that water infiltrated and damaged the property as a result of a pipe which burst when

the temperature inside the house became too low, the verified complaint attributed liability to the defendants, alleging that Berkoski allowed the heating oil to run out, and that SCAN failed to properly monitor the low temperature sensor alarm at the premises.

Shortly after commencement of this lawsuit, Berkoski served a discovery demand for the production of, among other things, the "pipe which burst." However, despite additional requests from defense counsel with respect to this evidence, as well as a court directive in a preliminary conference order, the plaintiff never produced the pipe nor otherwise confirmed its whereabouts. The defendants then separately moved to dismiss the complaint pursuant to CPLR 3126 based upon spoliation of evidence. The Supreme Court granted the motions, and we modify.

The Supreme Court is empowered with "broad discretion in determining the appropriate sanction for spoliation of evidence" (*De Los Santos v Polanco*, 21 AD3d 397, 397 [2005]; *see Iamiceli v General Motors Corp.*, 51 AD3d 635 [2008]; *Dennis v City of New York*, 18 AD3d 599, 600 [2005]; *Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445, 445-446 [2005]). "When a party negligently losses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (*Denoyelles v Gallagher*, 40 AD3d 1027, 1027 [2007]; *see Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342-343 [2003]; *Madison Ave. Caviarteria v Hartford Steam Boiler Inspection & Ins. Co.*, 2 AD3d 793, 796 [2003]).

The party requesting sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and "fatally compromised its ability to defend [the] action" (*Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]; *see Kirschen v Marino*, 16 AD3d 555, 555-556 [2005]). However, "striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct [and, thus, the courts must] consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness" (*Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *see Favish v Tepler*, 294 AD2d 396, 397 [2002]). When the moving party is still able to establish or defend a case, a less severe sanction is appropriate (*see De Los Santos v Polanco*, 21 AD3d at 398; *Iannucci v Rose*, 8 AD3d at 438; *Favish v Tepler*, 294 AD2d at 397).

Here, the Supreme Court improvidently exercised its discretion in imposing the sanction of dismissing the complaint, as

the defendants failed to establish that the plaintiff disposed of the subject plumbing pipe intentionally or in bad faith, or that loss of evidence leaves them without a means to defend the action (*see Cohen v Jordan Servs., Inc.,* 49 AD3d 680, 681 [2008]; *Kerman v Martin Friedman, C.P.A., P.C.,* 21 AD3d 997, 999 [2005]; *Lawson v Aspen Ford, Inc.,* 15 AD3d at 629-630; *Vaughn v City of New York,* 201 AD2d 556, 558 [1994]). The plaintiff's negligent disposal of the subject pipe prejudiced all parties, but does not prevent the defendants from defending against the negligence claims in the complaint. Under these circumstances, the Supreme Court should have sanctioned the plaintiff by precluding it from offering evidence at trial of any inspection it conducted of the subject pipe and granting an adverse inference charge against it (*see Iamiceli v General Motors Corp.,* 51 AD3d at 635; *Yechieli v Glissen Chem. Co., Inc.,* 40 AD3d 988, 989 [2007]; *Molinari v Smith,* 39 AD3d 607, 608 [2007]; *Jordan v Doyle,* 24 AD3d 107 [2005]; *Ifraimov v Phoenix Indus. Gas,* 4 AD3d 332, 334 [2004]). Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 31882(U).]