■ JANE RODMAN et al., Appellants-Respondents, v ARDSLEY RADIOLOGY, P.C., et al., Respondents-Appellants, et al., Defendants. [962 NYS2d 227]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 7, 2011, as denied their cross motion, among other things, pursuant to CPLR 3126 for the imposition of sanctions against the defendants Ardsley Radiology, P.C., and Joseph McCarthy on the ground of spoliation of evidence and, in effect, denied their application for leave to amend their response to a notice to admit, and the defendants Ardsley Radiology, P.C., and Joseph McCarthy cross-appeal, as limited by their brief, from so much of the same order as denied their motion pursuant to CPLR 3126 for the imposition of sanctions against the plaintiffs on the ground of spoliation of evidence.

Ordered that on the Court's own motion, the plaintiffs' notice of appeal from so much of the order as, in effect, denied their application for leave to amend their response to a notice to admit is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the facts and in the exercise of discretion, and the motion of the defendants Ardsley Radiology, P.C., and Joseph McCarthy pursuant to CPLR 3126 for the imposition of sanctions against the plaintiffs on the ground of spoliation of evidence is granted to the extent of directing that an adverse inference charge be given at trial against the plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the defendants Ardsley Radiology, P.C., and Joseph McCarthy.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice. The plaintiffs allege, among other things, that the defendants Ardsley Radiology, P.C., and Joseph McCarthy (hereinafter together the radiology defendants) failed to properly read and interpret the results of an ultrasound performed in 2003.

The radiology defendants moved pursuant to CPLR 3126 for the imposition of sanctions against the plaintiffs on the ground of spoliation of evidence. The radiology defendants contended

that the plaintiff Jane Rodman (hereinafter the injured plaintiff) signed out the original ultrasound films from the defendant Ardsley Radiology, P.C., and failed to return them. In support of their motion, the radiology defendants submitted, inter alia, a release form signed by the injured plaintiff in which she acknowledged that she was signing out the original films and that she was responsible for their return. The radiology defendants also submitted a response to a notice to admit served in May 2010 (*see* CPLR 3123), in which the plaintiffs admitted that the injured plaintiff signed out the original ultrasound films and did not return them.

The plaintiffs opposed the motion and cross-moved, among other things, pursuant to CPLR 3126 for the imposition of sanctions against the radiology defendants on the ground of spoliation of evidence. The plaintiffs claimed that the ultrasound films had been returned to the defendants. In support of this contention, they submitted a letter written by the radiology defendants' former attorney wherein he indicated that "original . . . ultrasound films" had been included in "recent" correspondence from the plaintiffs' attorney. In their reply papers, the plaintiffs sought, for the first time, to amend their response to the defendants' notice to admit on the ground that the plaintiffs' attorney failed to review the relevant case files before the relevant admission had been made and that he did not know what had happened to the ultrasound film before that review.

The Supreme Court denied the motion and the cross motion and, in effect, denied the plaintiffs' application for leave to amend their response to the notice to admit. The plaintiffs appeal, and the radiology defendants cross-appeal.

"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (*Holland v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2009]). The determination of sanctions for spoliation of evidence is within the sound discretion of the trial court (*see Fireman's Fund Ins. Co. v Sweeney & Harkin Carpentry & Dry Wall Corp.*, 78 AD3d 650, 651 [2010]).

Here, the Supreme Court properly, in effect, denied the plaintiffs' application for leave to amend their response to the notice to admit (*see* CPLR 3123 [b]). However, in light of the plaintiffs' admission and under the other circumstances of this case, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3126 for the imposition of sanctions to the extent of directing that an adverse inference charge pertaining to the 2003 ultrasound films be given at trial against

the plaintiffs (*see Rodman v Ardsley Radiology, P.C.*, 80 AD3d 598, 598-599 [2011]; *Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 896 [2009]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Rivera, J.P., Chambers, Hall and Miller, JJ., concur.