■ ANTHONY NEVE, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents-Appellants. (And Third-Party Actions.) (Appeal No. 1.) ANTHONY NEVE, Plaintiff, v CITY OF NEW YORK et al., Defendants/Third-Party Plaintiffs/Third Third-Party Plaintiffs-Respondents. JOHNSTON SWEEPER COMPANY, Third-Party Defendant/Second Third-Party Plaintiff-Appellant-Respondent; SEATS, INC., Second Third-Party Defendant/Third Third-Party Defendant-Respondent-Appellant. (Appeal No. 2.) [986 NYS2d 606]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated May 8, 2012, as denied that branch of his motion which was pursuant to CPLR 3126 to impose a sanction upon the defendants for spoliation of evidence to the extent of striking the defendants' answer and thereupon awarding summary judgment on the complaint; the defendants/third-party plaintiffs/third third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiff's motion which was to impose a lesser sanction upon them for spoliation of evidence and denied their motion for summary judgment dismissing the complaint; the third-party defendant/second third-party plaintiff separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint and the counterclaim of the second third-party defendant/third third-party defendant; and the second third-party defendant/third third-party defendant cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the second third-party complaint and the third third-party complaint, and on its cross claims against the defendants/third-party plaintiffs/third third-party plaintiffs.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In December 2003, the plaintiff, an employee of the defendant City of New York Department of Sanitation (hereinafter the DOS), was allegedly injured when the seat on a street sweeper he was operating collapsed. He commenced this action against the DOS and the City of New York (hereinafter together the defendants), alleging negligence in their maintenance of the street sweeper. The defendants commenced a third-party action against Johnston Street Sweeper, incorrectly named herein as Johnston Sweeper Company (hereinafter Johnston), the manufacturer of the subject street sweeper. Johnston, in turn, commenced a second third-party action against Seats, Inc. (hereinafter Seats), the manufacturer of the seat. The defendants also commenced a third third-party action against Seats. The plaintiff was granted leave to file an amended complaint so as to name Johnston and Seats as defendants, based upon causes of action sounding in strict products liability, but he has not amended his complaint.

In March 2007, the Supreme Court issued a discovery order, confirming, inter alia, that all parties reserved the right to

inspect the street sweeper after the first round of depositions was conducted. In October 2007, the street sweeper was produced for examination by the plaintiff, Johnston, and Seats. However, no metallurgic testing was done on a bolt that allegedly broke, and allegedly caused the seat to collapse. In March 2009, without providing notice to any of the parties, and before the first round of depositions was conducted, the defendants, in the usual course of business, disposed of the street sweeper. Upon learning that the street sweeper had been discarded, the plaintiff moved pursuant to CPLR 3126 to impose a sanction upon the defendants for spoliation of evidence. Johnston and Seats also separately moved for summary judgment dismissing all claims against each of them. In an order dated May 8, 2012, the Supreme Court denied the motions of Seats and Johnston, and granted the plaintiff's motion to the extent of precluding the defendants from establishing at trial that they lacked constructive notice of the defective nature of the bolt and seat, and denied that branch of the plaintiff's motion which was to strike the defendants' answer. All of the parties appeal or cross-appeal from various portions of the same order.

Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence (*see* CPLR 3126; *Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 713-714 [2013]; *Rodman v Ardsley Radiology, P.C.*, 103 AD3d 871, 872 [2013]; *Gotto v Eusebe-Carter*, 69 AD3d 566, 567 [2010]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]). "The nature and severity of the sanction depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party" (*Samaroo v Bogopa Serv. Corp.*, 106 AD3d at 714).

The determination of the appropriate sanction for spoliation is within the broad discretion of the court (*see Ortega v City of New York*, 9 NY3d 69, 76 [2007]; *Denoyelles v Gallagher*, 40 AD3d 1027 [2007]). "The party requesting sanctions for spoilation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and 'fatally compromised its ability to' " prove its claim or defense (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d at 718, quoting *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]).

Here, although the Supreme Court's March 2007 order put the defendants on notice that the condition of the subject street sweeper was relevant, and that the other parties could inspect it after the first round of depositions had been conducted, the de-

fendants disposed of it without notice to the other parties. There is no suggestion in the record that the disposal of the street sweeper was due to willful or contumacious behavior on the part of the defendants. Thus, the Supreme Court correctly determined that the drastic remedy of striking the defendants' answer was unwarranted (*see Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *Foncette v LA Express*, 295 AD2d 471, 472 [2002]). Since that was the only ground upon which the plaintiff sought summary judgment on the complaint, the Supreme Court correctly concluded that summary judgment should not be awarded to the plaintiff. For the same reason, the Supreme Court properly denied summary judgment to Johnston and Seats (*cf. Klein v Ford Motor Co.*, 303 AD2d 376, 377 [2003]).

The negligent disposal of the street sweeper prejudiced all of the parties, including the defendants. However, there exists other evidence, including photographs taken at the plaintiff's direction shortly after the incident at issue, and the parties may depose the expert who did inspect the subject street sweeper. Accordingly, the Supreme Court providently exercised its discretion in issuing the specific sanction imposed against the defendants (*cf. Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d at 719; *Molinari v Smith*, 39 AD3d 607, 608 [2007]; *De Los Santos v Polanco*, 21 AD3d 397, 399 [2005]; *Kirschen v Marino*, 16 AD3d 555, 556 [2005]; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332, 334 [2004]).

Finally, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Although the defendants established, prima facie, that they did not have actual notice of the alleged defect, as a consequence of the sanction imposed upon them, they cannot demonstrate lack of constructive notice of such defect (*cf. Russo v Valley Cent. School Dist.*, 33 AD3d 782 [2006]; *Levinstim v Parker*, 27 AD3d 698, 700-701 [2006]; *McKeon v Town of Oyster Bay*, 292 AD2d 574, 574 [2002]). In any event, the mechanic who conducted routine maintenance on the subject street sweeper testified at his deposition that he did not check under the seat, and the defendants provided no evidence that checking under the seat is not part of routine maintenance. As the defendants did not establish their prima facie entitlement to judgment as a matter of law, it is unnecessary for us to consider the adequacy of the opposition papers (*see Persaud v S & K Green Groceries, Inc.*, 72 AD3d 778, 780 [2010]). Rivera, J.P., Austin, Roman and Hinds-Radix, JJ., concur.