■ ROBERTO MORALES, Respondent, v CITY OF NEW YORK et al., Appellants, and NASCO, Respondent, et al., Defendant. [13 NYS3d 548]—

In an action to recover damages for personal injuries, the defendants City of New York and New York City Police Department appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated February 28, 2013, as, upon renewal and reargument, in effect, vacated an order dated March 29, 2012, denying the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendants City of New York and New York City Police Department, made on the ground of spoliation of physical evidence, and thereupon granted the plaintiff's motion.

Ordered that the order dated February 28, 2013, is modified, on the law and in the exercise of discretion, by deleting the provision thereof, upon renewal and reargument, granting the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendants City of New York and New York City Police Department, made on the ground of spoliation of physical evidence, and substituting therefor a provision, upon renewal and reargument, granting that motion only to the extent of directing that a negative inference charge be given at the trial of this action with respect to the subject physical evidence and otherwise denying that motion; as so modified, the order dated February 28, 2013, is affirmed insofar as appealed from, without costs or disbursements.

On October 16, 2004, the plaintiff, a detective employed by the New York City Police Department (hereinafter the NYPD) in its Emergency Services Unit (hereinafter the ESU), severely injured his eye while attempting to change the carbon dioxide cartridge of a tranquilizer gun. Following the incident, fellow officers secured the subject tranquilizer gun, but the gun's end cap could not be located despite a diligent search. That day, the ESU sent the gun out to be repaired in the ordinary course of business. The repaired gun was received back at the ESU's facilities on December 3, 2004, with a new end cap, which was subsequently lost. On January 10, 2005, the plaintiff served a notice of claim upon, among others, the City of New York and the NYPD (hereinafter together the city defendants). On or about August 24, 2005, he commenced this action to recover damages for personal injuries against, among others, the city defendants, as well as the manufacturer and the distributor of the gun.

Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence (see CPLR 3126; Neve v City of New York, 117 AD3d 1006, 1008 [2014]; Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 713-714 [2013]; Rodman v Ardsley Radiology, P.C., 103 AD3d 871, 872 [2013]). "The nature and severity of the sanction depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party" (Samaroo v Bogopa Serv. Corp., 106 AD3d at 714).

"The party requesting sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and 'fatally compromised its ability to' " prove its claim or defense (Utica Mut. Ins. Co. v

*Berkoski Oil Co.*, 58 AD3d 717, 718 [2009], quoting *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]). However, " 'striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct' " and, thus, the courts must " 'consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness' " (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d at 718, quoting *Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *see Favish v Tepler*, 294 AD2d 396, 397 [2002]). When the moving party is still able to establish or defend a case, a less severe sanction is appropriate (*see De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]; *Iannucci v Rose*, 8 AD3d at 438; *Favish v Tepler*, 294 AD2d at 397). Furthermore, where the plaintiffs and the defendants are equally affected by the loss of the evidence in their investigation of the accident, and neither have reaped an unfair advantage in the litigation, it is improper to dismiss or strike a pleading on the basis of spoliation of evidence (*see De Los Santos v Polanco*, 21 AD3d at 398; *Lawson v Aspen Ford, Inc.*, 15 AD3d at 629-630; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332, 334 [2004]).

The determination of the appropriate sanction for spoliation is within the broad discretion of the court (*see Ortega v City of New York*, 9 NY3d 69, 76 [2007]; *Denoyelles v Gallagher*, 40 AD3d 1027 [2007]). This Court will substitute its judgment for that of the Supreme Court only if that court's discretion was improvidently exercised (*see Samaroo v Bogopa Serv. Corp.*, 106 AD3d at 714; *Holland v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2009]).

Here, the Supreme Court, upon renewal and reargument, improvidently exercised its discretion in imposing the sanction of striking the city defendants' answer, as the plaintiff failed to establish that the city defendants' failure to preserve the subject tranquilizer gun was willful or contumacious (*see Neve v City of New York*, 117 AD3d at 1008; *Samaroo v Bogopa Serv. Corp.*, 106 AD3d at 714; *Lawson v Aspen Ford, Inc.*, 15 AD3d at 630; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d at 334; *Favish v Tepler*, 294 AD2d 396 [2002]; *cf. DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]; *Squitieri v City of New York*, 248 AD2d 201 [1998]), or that their conduct deprived him of the means of proving his claim (*see Foncette v LA Express*, 295 AD2d 471, 472 [2002]; *Chiu Ping Chung v Caravan Coach Co.*, 285 AD2d 621 [2001]; *Gitlitz v Latham Process Corp.*, 258 AD2d 391 [1999]). The city defendants' repair of the subject gun prejudiced all parties, but does not prevent the plaintiff from proving his claim (*see Lawson v Aspen Ford, Inc.*, 15 AD3d at

629). Under these circumstances, the Supreme Court, upon renewal and reargument, should have sanctioned the city defendants by directing that a negative inference charge be given against them at the trial of this action with respect to the condition of the tranquilizer gun at the time of the subject accident (*see Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d at 718-719; *Molinari v Smith*, 39 AD3d 607, 608 [2007]; *De Los Santos v Polanco*, 21 AD3d at 398; *Kirschen v Marino*, 16 AD3d 555, 556 [2005]; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d at 333-334). Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.