■ ALLEN HOFFMAN et al., Appellants, v MEDICAL DEPOT, INC., Defendant, and ALL PRO MEDICAL SUPPLIES, INC., Respondent. [36 NYS3d 825]—

In an action, inter alia, to recover damages for personal injuries based on products liability, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered August 26, 2015, which denied their motion pursuant to CPLR 3126 to strike the answer of the defendant All Pro Medical Supplies, Inc., without prejudice to renew.

Ordered that the order is affirmed, with costs.

"The determination of the appropriate sanction for spoliation is within the broad discretion of the court" (*Morales v City of New York*, 130 AD3d 792, 794 [2015]; *see Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]). Here, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 3126 to strike the answer of the defendant All Pro Medical Supplies, Inc., for spoliation of evidence without prejudice to renew since they failed to establish that, at this point in the litigation, they have been left without a means to establish their case (*see Morales v City*

*of New York*, 130 AD3d at 794; *Neve v City of New York*, 117 AD3d 1006, 1009 [2014]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d at 719; *De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]; *Iannucci v Rose*, 8 AD3d 437, 438 [2004]). Hall, J.P., Austin, Miller and Maltese, JJ., concur.