Neve v City of New York (2018 NY Slip Op 06248)





Neve v City of New York


2018 NY Slip Op 06248


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-04946
 (Index Nos. 37329/04)

[*1]Anthony Neve, plaintiff-appellant, 
v
City of New York, et al., defendants third-party plaintiffs/fifth third-party plaintiffs-respondents; Johnston Sweeper Company, third-party defendant/fourth third-party plaintiff-appellant; Seats, Inc., fourth third-party defendant/fifth third-party defendant (and other third-party actions).


Stephen A. Harrison, Brooklyn, NY, for plaintiff-appellant.
Barclay Damon, LLP, Buffalo, NY (Vincent G. Saccomando and John Canoni of counsel), for third-party defendant/fourth third-party plaintiff-appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Arnold & Porter Kaye Scholer, LLP [William Hoffman, Catherine St. John, Paula Ramer, and Jessica Laguerre], of counsel), for defendants third-party plaintiffs/fifth third-party plaintiffs-respondents.
Bonner Kiernan Trebach & Crociata, LLP, New York, NY (Jae W. Joo of counsel), for fourth third-party defendant/fifth third-party defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals and the third-party defendant/fourth third-party plaintiff separately appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), entered March 23, 2016. The order, insofar as appealed from by the plaintiff, denied the plaintiff's motion for summary judgment on the issue of liability. The order, insofar as appealed from by the third-party defendant/fourth third-party plaintiff, denied the third-party defendant/fourth third-party plaintiff's motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants third-party plaintiffs/fifth third-party plaintiffs payable by the plaintiff and the third-party defendant/fourth third-party plaintiff.
The plaintiff, a New York City Sanitation worker, allegedly was injured when the seat on a street sweeper he was operating collapsed. He commenced this action against the City of New York and the City of New York Department of Sanitation (hereinafter together the City), alleging negligence in the City's maintenance of the street sweeper. The City commenced a third-party action against the manufacturer of the street sweeper, Johnston Street Sweeper (hereinafter Johnston). Johnston, in turn, commenced a fourth third-party action against the manufacturer of the seat, Seats, Inc. (hereinafter Seats), and the City thereafter commenced a fifth third-party action against Seats.
During the pendency of the case, the City disposed of the street sweeper in the normal course of business. The plaintiff moved, inter alia, pursuant to CPLR 3126(3) to strike the City's answer on the ground of spoliation of evidence, and for summary judgment against the City on the issue of liability. By order dated May 8, 2012 (hereinafter the sanction order), the Supreme Court, inter alia, granted the plaintiff's motion in part "to the extent of directing an adverse inference charge at trial." The sanction order was upheld by this Court (see Neve v City of New York, 117 AD3d 1006).
Thereafter, the plaintiff moved for summary judgment on the issue of liability on the ground that the sanction order was sufficient, in and of itself, to warrant judgment as a matter of law. Johnston and Seats, in turn, separately moved for summary judgment dismissing the City's third-party and fifth third-party complaints, respectively, on the ground that if summary judgment were granted in favor of the plaintiff based on the sanction order, Johnston and Seats would be severely prejudiced in their ability to defend the third-party and fifth third-party actions, respectively. The City opposed all three motions. By order entered March 23, 2016, the Supreme Court denied the motions in their entirety. The plaintiff and Johnston separately appeal.
Contrary to the plaintiff's contention, the sanction order does not obviate the need for a trial on the issue of liability. Even assuming that the sanction order can be interpreted as relieving the plaintiff from having to establish the City's constructive notice—an issue that was neither addressed nor considered by this Court on the prior limited appeal from the sanction order (see Neve v City of New York, 117 AD3d 1006)—the sanction order should not be read as relieving the plaintiff from the burden of establishing the remaining elements of his negligence cause of action, including the existence of the alleged defect and the causal relationship between the defect and the accident. Since the plaintiff submitted no evidentiary proof in support of his motion, the Supreme Court properly denied it, regardless of the sufficiency of the City's opposing papers (see CPLR 3212[b]; Zuckerman v City of New York, 49 NY2d 557, 562).
In light of the foregoing, the Supreme Court also properly denied Johnston's motion for summary judgment dismissing the third-party complaint, which was contingent upon the success of the plaintiff's motion.
We note that in this Court's decision and order on the prior appeal, we described the sanction order as having "granted the plaintiff's motion to the extent of precluding the defendants from establishing at trial that they lacked constructive notice of the defective nature of the bolt and seat" (Neve v City of New York, 117 AD3d at 1008). That description, which is dicta, does not accurately reflect the language actually used in the sanction order, and should not be read as modifying the sanction order in any way.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court