Williams v City of New York (2019 NY Slip Op 05806)





Williams v City of New York


2019 NY Slip Op 05806


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-13088
 (Index No. 16635/10)

[*1]Michael Williams, appellant,
v
City of New York, et al., respondents.


Miller & Miller, Brooklyn, NY (Andrew R. Miller of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth Freedman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated October 13, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to impose other sanctions on the defendants for spoliation of evidence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for false arrest and malicious prosecution relating to his arrest for conspiracy in the fourth degree and other charges. After issue was joined, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to impose other sanctions on the defendants, contending that the defendants had lost or destroyed a New York City Police Department investigative file pertaining to his underlying criminal case. The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126. The plaintiff appeals.
Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence (see CPLR 3126; Morales v City of New York, 130 AD3d 792, 793; Neve v City of New York, 117 AD3d 1006, 1008; Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 713-714). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see CPLR 3126; Watson v 518 Pa. Hous. Dev. Fund Corp., 160 AD3d 907, 909). The Supreme Court has broad discretion to determine a sanction for the spoliation of evidence (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551).
Here, we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to [*2]impose other sanctions. The plaintiff failed to sustain his burden of establishing that the defendants "intentionally or negligently disposed of critical evidence, and fatally compromised [his] ability to prove" his claim (Cioffi v S.M. Foods, Inc., 142 AD3d 520, 525 [citations and internal quotation marks omitted]; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Daconta v Otis El. Co., 165 AD3d 753, 754).
The plaintiff's remaining contention is without merit.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court