C.C. v A.R. (2021 NY Slip Op 01243)





C.C. v A.R.


2021 NY Slip Op 01243


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-03852
 (Index No. Redacted)

[*1]C.C., appellant, 
v
A.R., respondent.


The Law Offices of Nathaniel Z. Marmur, PLLC, New York, NY, for appellant.
Cassin & Cassin, LLP, New York, NY (Daniel B. Nottes of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Jeffrey S. Sunshine, J.), dated February 5, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was to preclude the plaintiff from introducing any evidence at trial to the extent of striking the causes of action in the complaint seeking spousal support, equitable distribution, and counsel fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This appeal examines the proper sanction in a matrimonial litigation where one party installed spyware on the other party's phone, invoked Fifth Amendment protections on the issue, and intentionally destroyed evidence as to what the spyware actually intercepted. The Supreme Court properly determined, under the circumstances here, that it is proper to infer that the plaintiff violated the defendant's attorney-client privilege, and that the appropriate sanction is to strike the causes of action in the complaint relating to the financial issues of the case other than child support.
The parties were married in 2008, and have two children, both born in 2009. The plaintiff commenced this action for a divorce and ancillary relief by filing a summons and complaint in October 2014.
In May 2015, the defendant moved, ex parte, by order to show cause, to direct the plaintiff to immediately turn over his computing devices for forensic imaging and analysis. The defendant introduced evidence that the plaintiff had installed spyware onto her phone, and that he had repeatedly invoked his Fifth Amendment privilege against self-incrimination when questioned about such spyware during his deposition. The Supreme Court directed the Sheriff of the City of New York to serve the order to show cause on the plaintiff and to confiscate his computing devices. The court also enjoined the plaintiff from destroying or tampering with any records related to any spyware.
The Supreme Court subsequently appointed a referee to examine the plaintiff's computing devices. Both parties hired forensic experts to assist the referee in the process.
The defendant then moved to compel the plaintiff to disclose all spyware he had purchased, alleging that her expert had found yet another spyware program on her phone, called OwnSpy. This new spyware, the defendant claimed, had a wiretapping feature and could turn her phone into an open microphone. The spyware was installed on her phone from October 10, 2014, to October 31, 2014. The defendant alleged that, the day before the plaintiff commenced this action, he had used the program to listen to her session with a psychiatrist and a meeting with her attorney.
In an interim report, the referee noted that, of the 14 computing devices that were examined, 4 of them were locked. The experts were able to open one without a password. The plaintiff claimed that he could not remember the passwords to the other 3 locked devices. The experts were able to unlock 2 of the 3 remaining devices with the help of an outside firm, but one device remained inaccessible. Based upon the experts' interim reports, the referee determined that the plaintiff did use spyware against the defendant, and that the plaintiff did intercept the defendant's confidential communications. The referee also concluded that there was no forensic evidence that the plaintiff disseminated the information to any third party, or that he intercepted or disseminated any privileged communications. However, the report noted that 1 of the locked devices contained evidence that, one day after the court order was issued to seize the plaintiff's computing devices, the plaintiff installed and executed data-wiping programs on that device. Because of this, it was impossible to determine what data, if any, was deleted and rendered unrecoverable.
The referee's final report noted that there was evidence that the plaintiff had used the spyware feature to record conversations using the defendant's phone while she was in the vicinity of her attorney's office.
The defendant then moved to hold the plaintiff in contempt for spoliation of evidence and to preclude the plaintiff from introducing any evidence at trial. The plaintiff opposed the motion. In an order dated February 5, 2018, the Supreme Court found that the plaintiff knowingly and purposefully violated the defendant's attorney-client privilege. The court also found that the plaintiff engaged in spoliation of evidence when he used data-wiping applications on his computing devices while he was obligated to preserve evidence. The court determined that the spoliation was intentional and in bad faith, and accordingly, that the relevance of the destroyed evidence was presumed. The court concluded that the plaintiff's actions "gravely prejudiced the defendant." The court determined that, because of the spoliation issues and the fact that the plaintiff repeatedly invoked his Fifth Amendment privilege against self-incrimination, the most drastic spoliation sanctions were required. Accordingly, the court, inter alia, granted that branch of the defendant's motion which was to prelude the plaintiff from introducing any evidence at trial to the extent of striking the causes of action in the complaint seeking spousal support, equitable distribution, and counsel fees.
"A party that seeks sanctions for spoliation of evidence must show that the party
having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a 'culpable state of mind,' and 'that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547, quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45). "Where the evidence is determined to have been intentionally or wilfully destroyed, the relevancy of the destroyed documents is presumed" (Pegasus Aviation I., Inc. v Varig Logistica S.A., 26 NY3d at 547). Here, the Supreme Court properly drew the presumption of relevance in connection with the interception by the plaintiff of privileged communications between the defendant and her attorney in view of the plaintiff's invocation of his Fifth Amendment privilege against self-incrimination when questioned about it at his deposition, his intentional destruction of electronic records, and the evidence that he had utilized spyware to record the defendant's conversations when she was in the vicinity of her attorney's office. Although this presumption is rebuttable (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d at 45), the plaintiff did not provide any evidence to rebut it. Further, while the striking of pleadings is a drastic remedy, the court did not improvidently exercise its discretion in striking the causes of action in the plaintiff's complaint seeking financial relief other than child support. "Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence" (Morales v City of New York, 130 AD3d 792, 793; see CPLR 3126; McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1094-1095). "The Supreme Court is empowered with 'broad discretion in determining the appropriate sanction for spoliation of evidence'" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718, quoting De Los Santos v Polanco, 21 AD3d 397, 397). These sanctions can include "precluding proof favorable to the spoliator to restore balance to the litigation, requiring the spoliator to pay costs to the injured party associated with the development of replacement evidence, or employing an adverse inference instruction at the trial of the action. Where appropriate, a court can impose the ultimate sanction of dismissing the action or striking responsive pleadings, thereby rendering a judgment by default against the offending party" (Ortega v City of New York, 9 NY3d 69, 76 [citations omitted]).
Here, where the plaintiff violated the defendant's attorney-client privilege, the preclusion of documents is not an appropriate alternative sanction because the plaintiff will always be privy to any litigation strategy of the defendant that he gained through secretly intercepting her privileged communications (see Lipin v Bender, 84 NY2d 562, 572-573). As the plaintiff "chose the course of action that exacerbated the harm" (id. at 569), the defendant has been seriously compromised in defending herself in this divorce action. Accordingly, the Supreme Court providently exercised its discretion in striking the causes of action in the complaint seeking spousal support, equitable distribution, and counsel fees.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court