■ CLARICE JORDAN, Appellant, v RAYMOND W. DOYLE et al., Respondents. [805 NYS2d 51]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J., and a jury), entered November 29, 2004, dismissing the complaint, unanimously affirmed, without costs.

The jury's finding that defendant driver was not negligent was an implicit rejection of plaintiff's theory of liability that she was crossing at the intersection with the traffic light in her favor when struck by defendants' truck, and an implicit acceptance of the defense theory that plaintiff was not in the crosswalk when she walked directly into the side of the truck and was run over by its left rear wheels. Such finding, which was largely one of credibility involving the testimony of plaintiff, defendant driver, the driver's co-employee driving another truck directly behind, the responding police officer and the parties' respective expert accident reconstruction experts, is not against the weight of the evidence. We reject plaintiff's argument that defendants' answer should have been stricken for failure to preserve the MV-104 accident report that the driver had admittedly completed, or that, at the least, the driver should have been precluded from testifying at trial. The missing MV-104 was not so crucial to plaintiff's case as to warrant such drastic sanctions (see Tommy Hilfiger, USA v Commonwealth Trucking, 300 AD2d 58, 60 [2002]), where the driver's statement to the police officer at the scene of the accident was available to plaintiff, and the driver was fully examined before trial and fully cross-examined at trial. Nor is there reason to believe that loss of the MV-104 was deliberate. Under the circumstances, the missing documents charge that the trial court gave the jury was an appropriate sanction. Plaintiff did not object at trial to defendants' expert testimony on the ground of lack of foundation, and may not do so for the first time on appeal. We have considered plaintiff's other arguments and find them to be unavailing. Concur—Buckley, P.J., Tom, Saxe, Gonzalez and Malone, JJ.