■ ARMAND BARONE, Respondent-Appellant, v CITY OF NEW YORK, Respondent, IESI, INC., Appellant-Respondent, et al., Defendant. [861 NYS2d 709]—

In an action to recover damages for personal injuries, the defendant IESI, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated April 27, 2007, as, in effect, granted those branches of the plaintiff's motion, in effect, pursuant to CPLR 3126 which were to strike its answer on the ground of spoliation of evidence to the extent of precluding it from offering certain evidence at trial, and to deem it to have waived its right to conduct a medical examination of the plaintiff, and the plaintiff cross-appeals from so much of the same order as, in effect, granted that branch of his motion which was to strike the answer of the defendant IESI, Inc., on the ground of spoliation of evidence only to the extent of precluding that defendant from offering certain evidence at trial.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the plaintiff's motion which was to strike the answer of the defendant IESI, Inc., on the ground of spoliation of evidence to the

extent of precluding it from offering certain evidence at trial, and substituting therefor a provision granting that branch of the motion to the extent of allowing a negative inference charge at trial; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On March 14, 2004 the plaintiff fell on a sidewalk abutting certain commercial premises leased by the defendant IESI, Inc. (hereinafter IESI), whose workers would occasionally hose that area down. According to the plaintiff, who allegedly was injured as a result of the accident, he slipped and fell on ice that accumulated on the sidewalk. However, one of IESI's workers testified that he witnessed the accident, and that the plaintiff actually fell off of the back of a garbage truck that was leaving the premises.

During discovery, the plaintiff learned that a surveillance camera on IESI's premises filmed the area of the accident, and that the accident was recorded on a videotape. The plaintiff also learned that a supervisor at IESI watched that videotape soon after the accident, and put the videotape "aside," on his desk. However, when the supervisor arrived at work the next day, the videotape was missing, and could not be located.

The plaintiff moved, inter alia, to strike IESI's answer on the ground of spoliation of evidence. The Supreme Court granted that branch of the motion to the extent of precluding IESI "from offering evidence to contradict that [the] plaintiff fell on an ice condition . . . and that said ice condition was created by" IESI. However, since the record does not demonstrate that the plaintiff, who can testify at trial about how the accident occurred, has been left without the means to prove his claim, the Supreme Court improvidently exercised its discretion in imposing this drastic sanction (see Kerman v Martin Friedman, C.P.A., P.C., 21 AD3d 997, 999 [2005]). Rather, under the particular circumstances of this case, an appropriate sanction would be to allow a negative inference charge at trial with respect to the videotape (see Molinari v Smith, 39 AD3d 607 [2007]; Jordan v Doyle, 24 AD3d 107 [2005]; Ifraimov v Phoenix Indus. Gas, 4 AD3d 332, 333-334 [2004]; Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term., 1 AD3d 168 [2003]; Tommy Hilfiger, USA v Commonwealth Trucking, 300 AD2d 58, 60 [2002]; Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y., 294 AD2d 341, 341-342 [2002]; Campbell v Tracey Rd. Equip., 288 AD2d 954, 955 [2001]).

The parties' remaining contentions are without merit. Lifson, J.P., Florio, Carni and Belen, JJ., concur.