*655 In an action, inter alia, to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated November 21, 2011, as granted the plaintiffs motion pursuant to CPLR 3126 to strike its answer on the ground of spoliation of evidence to the extent of precluding it from offering certain evidence at trial.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiffs motion to the extent of precluding the defendant from introducing certain evidence at trial, and substituting therefor a provision granting the plaintiffs motion only to the extent of directing that a negative inference charge be given at trial; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On November 25, 2007, the plaintiff, while a patient at the defendant, Orange Regional Medical Center, allegedly was assaulted by another patient. Shortly after the incident, the plaintiffs attorney sent a letter to the defendant requesting that it preserve all records of the incident in its possession, including videotape footage. This letter apparently was stapled to the back of the plaintiffs file and never forwarded to the defendant’s Department of Risk Management. As a result, any videotape footage of the incident that may have existed was, in the ordinary course of business, overwritten by new videotape footage within approximately 30 days after the date of the recording. In or about May 2010, the plaintiff commenced this action against the defendant alleging, inter alia, negligent supervision. After joinder of issue, and after the defendant denied possessing videotape footage of the incident, the plaintiff moved pursuant to CPLR 3126 to strike the defendant’s answer on the ground of spoliation of evidence. The Supreme Court granted the motion to the extent of precluding the defendant from introducing evidence at trial that the alleged perpetrator was being supervised by its employees at the time of the incident.
Under the common-law doctrine of spoliation, “when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading” (Denoyelles v Gallagher, 40 AD3d 1027, 1027 [2007] [internal quotation marks omitted]; see Coleman v Putnam Hosp. Ctr., 74 AD3d 1009, 1011 [2010]). “Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to *656 determine whether such drastic relief is necessary as a matter of fundamental fairness” (Iannucci v Rose, 8 AD3d 437, 438 [2004]). Precluding a party from presenting evidence at trial is also a drastic sanction (see Light v Light, 64 AD3d 633, 634 [2009]) which generally requires a showing that a party’s lack of cooperation with discovery was willful, deliberate, or contumacious (see Pepsico, Inc. v Winterthur Intl. Am. Ins. Co., 24 AD3d 742 [2005]). Less severe sanctions for spoliation of evidence are appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her defense or case (see Barone v City of New York, 52 AD3d 630, 631 [2008]; Iannucci v Rose, 8 AD3d at 438).
Here, the record does not demonstrate that the plaintiff has been left “ ‘prejudicially bereft’ ” (Fossing v Townsend Manor Inn, Inc., 72 AD3d 884, 885 [2010], quoting Weber v Harley-Davidson Motor Co., Inc., 58 AD3d 719, 722 [2009]) of the means of prosecuting her claim, as she can testify about how and where the incident occurred and subpoena other individuals who may have witnessed the incident. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiffs motion to the extent of precluding the defendant from introducing at trial evidence that the alleged perpetrator was being supervised by its employees. Under the circumstances of this case, an appropriate sanction would be to direct that a negative inference charge be given at trial with respect to the unavailable videotape footage (see Mendez v La Guacatala, Inc., 95 AD3d 1084, 1085 [2012]; Shayovich v 800 Ocean Parkway Apt. Corp., 77 AD3d 814, 816 [2010]; Barone v City of New York, 52 AD3d at 631).
The plaintiff’s remaining contentions are without merit. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.