Appeal and cross appeal from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated July 7, 2015. The order, insofar as appealed from, granted, in part, the plaintiff’s motion to impose sanctions upon the defendant for the defendant’s spoliation of physical evidence, and, insofar as cross-appealed from, denied the plaintiff’s motion in part.
 

 Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof precluding the defendant from calling any expert witness at trial to testify regarding alleged defects in the plaintiff’s work, with the exception of any alleged defects in the siding that the plaintiff installed on the south wall of the house below the second floor windows; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable by the plaintiff to the defendant.
 

 The defendant hired the plaintiff to perform certain repairs and alterations to the defendant’s home. Unsatisfied with the work performed by the plaintiff, the defendant terminated the plaintiff’s employment. Three months later, the plaintiff commenced this action against the defendant to recover the money allegedly owed to him for the work he had performed prior to the termination of his employment. The defendant asserted a counterclaim to recover the costs he expended, or expected to expend, to correct the plaintiff’s allegedly defective work and to complete the repair project.
 

 An inspection conducted by the plaintiff revealed that nearly all of the work he performed at the premises had been altered or redone, thus making it impossible to prove the quality of his work and disprove the defendant’s contention that the plaintiff’s work was subpar and had to be redone.
 

 The plaintiff moved pursuant to CPLR 3126, inter alia, to strike the defendant’s answer and counterclaim or, in the alternative, to preclude the defendant from introducing any evidence related to the plaintiff’s work at the premises as a sanction for the defendant’s spoliation of evidence. In granting the motion in part, the Supreme Court, inter alia, declined to strike the defendant’s answer and counterclaim, but precluded the defendant from calling any expert witness at trial to testify regarding alleged defects in the plaintiff’s work, with the exception of any alleged defects in the siding that the plaintiff installed on the south wall of the house below the second floor windows, and stated that it would give an adverse inference charge with respect to the defendant’s spoliation of physical evidence. The court also directed the defendant to reimburse the plaintiff the sum of $2,695, which the plaintiff had paid his expert to inspect the premises and issue a report, as an additional sanction, upon finding that the defendant’s conduct caused the plaintiff to needlessly incur these fees to “inspect work that no longer existed.” The defendant appeals and the plaintiff cross-appeals, contending that the imposed sanctions were too harsh or not harsh enough, respectively.
 

 We conclude that the Supreme Court providently exercised its discretion in denying the plaintiff’s request to strike the defendant’s answer and counterclaim. However, the court improvidently exercised its discretion in imposing the sanction of precluding the defendant from calling any expert witness at trial to testify regarding alleged defects in the plaintiff’s work.
 

 “A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a ‘culpable state of mind,’ and ‘that the destroyed evidence was relevant to the party’s claim or defense such that the trier of fact could find that the evidence would support that claim or defense’ ” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015], quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [2012]). Where evidence has been intentionally or willfully destroyed, its relevance is presumed (see Pegasus Aviation I, Inc. v Varig Logística S.A., 26 NY3d at 547; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032 [2017]). However, where evidence has been destroyed negligently, the party seeking spoliation sanctions must establish that the destroyed evidence was relevant to the party’s claim or defense (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548). The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence and may, under appropriate circumstances, impose a sanction even if “the evidence was destroyed before the spoliator became a party, provided the spoliator was on notice that the evidence might be needed for future litigation” (Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d 605, 606 [2014]; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d at 1033).
 

 Here, although the plaintiff demonstrated that the defendant hired contractors to alter and redo the plaintiff’s work, the plaintiff failed to demonstrate that the defendant’s conduct rose to the level of being intentional or willful (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d at 1033; Ortiz v Bajwa Dev. Corp., 89 AD3d 999 [2011]). Nevertheless, it was undisputed that the evidence was relevant to the plaintiff’s claim (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548).
 

 Under the circumstances of this case, the appropriate sanction was to give an adverse inference charge at trial against the defendant with respect to the spoliation of physical evidence (see Morales v City of New York, 130 AD3d 792 [2015]; Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 714 [2013]). Likewise, to the extent the defendant appeals from so much of the order as directed him to reimburse the plaintiff the sum of $2,695, which the plaintiff had paid his expert to inspect the premises and issue a report, we find that this sanction was properly imposed.
 

 Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.