Heins v Public Stor. (2018 NY Slip Op 05919)





Heins v Public Stor.


2018 NY Slip Op 05919


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-12293
 (Index No. 9608/08)

[*1]Robert Heins, appellant-respondent, 
v
Public Storage, etc., et al., respondents-appellants.


Russ & Russ, P.C., Massapequa, NY (Jay Edmond Russ and Daniel P. Rosenthal of counsel), for appellant-respondent.
Miller & Lee LLP, Scarsdale, NY (Joseph Miller of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for alleged violations of Lien Law § 182, the plaintiff appeals and the defendants cross-appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated September 29, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was to impose sanctions upon the plaintiff for spoliation of physical evidence to the extent of precluding the plaintiff from offering any evidence at trial of the value and condition of the items alleged to have been damaged or removed from a storage unit. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof precluding the plaintiff from offering any evidence at trial of the value and condition of the items alleged to have been damaged or removed from the storage unit and substituting therefor a provision precluding evidence of the items disposed by the plaintiff that were not available for inspection by the defendants; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.
The plaintiff rented a storage unit owned and/or maintained by the defendants, who allegedly wrongfully sold the contents of the storage unit at an auction. The defendants allegedly mistakenly believed that the plaintiff failed to pay the rental fees for the unit. Once the error was discovered, the auction sale was rescinded and control and possession of the unit reverted back to the plaintiff. However, according to the plaintiff, various valuable items that he had been storing within the unit were removed from the unit and/or damaged while he did not have control over the contents of the unit. After he regained control of the unit, the plaintiff removed its remaining contents over a period of time, ultimately disposing of the vast majority of the items, despite the defendants' requests to inspect the items.
The defendants moved pursuant to CPLR 3126, inter alia, to dismiss the complaint or, in the alternative, to preclude the plaintiff from introducing any evidence at trial of the value and condition of the items allegedly damaged within, or removed from, the storage unit, as a sanction for the plaintiff's spoliation of evidence. The Supreme Court, inter alia, declined to dismiss the complaint, but precluded the plaintiff from offering any evidence at trial of the value and condition of those items alleged to have been damaged or removed from the storage unit. The plaintiff appeals and the defendants cross-appeal, contending that the imposed sanctions were improper or not harsh [*2]enough, respectively.
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind,' and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547, quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45). Where evidence has been intentionally or willfully destroyed, its relevance is presumed (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547). However, where evidence has been destroyed negligently, the party seeking spoliation sanctions must establish that the destroyed evidence was relevant to the party's claim or defense (see id. at 547-548). The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence (see id. at 551; Smith v Cunningham, 154 AD3d 681, 682).
We conclude that the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint. However, the court improvidently exercised its discretion in determining the sanction to impose.
Although the defendants demonstrated that the plaintiff disposed of the majority of the items remaining in the storage unit after he regained control and possession of the unit, the defendants failed to demonstrate that the plaintiff's conduct rose to the level of being intentional or willful (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 543; Smith v Cunningham, 154 AD3d at 681-683). Nevertheless, the evidence was relevant to the plaintiff's claim (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548; Smith v Cunningham, 154 AD3d at 682-683).
Under the circumstances of this case, the appropriate sanction is to preclude evidence of the items disposed by the plaintiff that were not available for inspection by the defendants (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551).
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court