Luzuriaga v FDR Servs. Corp. (2020 NY Slip Op 07185)





Luzuriaga v FDR Servs. Corp.


2020 NY Slip Op 07185


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-00822
 (Index No. 708563/14)

[*1]Felix Luzuriaga, appellant,
v
FDR Services Corp., et al., respondents.


Elefterakis, Elefterakis & Panek (Cherney & Podolsky, PLLC, Brooklyn, NY [Oliver R. Tobias], of counsel), for appellant.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Matthew Williams of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), entered November 29, 2017. The order granted the defendants' motion for an adverse inference charge on the ground of spoliation of evidence.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries, alleging that he was injured when a vehicle owned and operated by the defendants struck his vehicle. At the plaintiff's deposition, the defendants made an oral request on the record for the plaintiff to preserve 271 photographs on his cell phone that depicted his post-accident activities, and later made a written demand for these photographs. The plaintiff produced 232 photographs from his cell phone and later admitted at a second deposition that the remaining photographs had been inadvertently erased from his cell phone after he lent it to his wife. The defendants then moved for an adverse inference charge against the plaintiff for spoliation of the 39 missing photographs. The Supreme Court granted the motion, and the plaintiff appeals.
"'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Cantey v City of New York, 184 AD3d 618, 620, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]). "'A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence'" (Hirschberg v Winthrop-University Hosp., 175 AD3d 556, 557, quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45). "'[I]f the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed [evidence was] relevant to the party's claim or defense'" (Delmur, Inc. v School Constr. Auth., 174 [*2]AD3d 784, 787, quoting Pegasus Aviation I, Inc. v Varig Logistica, S.A., 26 NY3d at 547-548). "'[T]he Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence and may, under appropriate circumstances, impose a sanction even if the destruction occurred through negligence rather than wilfulness'" (Delmur, Inc. v School Constr. Auth., 174 AD3d at 786, quoting Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 846 [internal quotation marks omitted]).
Here, the defendants demonstrated that the plaintiff had an obligation to preserve the photographs at the time of their destruction, negligently failed to do so, and that the destroyed photographs were relevant to the defendants' defense on the issue of damages. Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion in imposing a sanction of an adverse inference charge against the plaintiff at trial with respect to the deleted photographs (see Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 676; SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 818; Smith v Cunningham, 154 AD3d 681, 683).
The plaintiff's remaining contention is without merit.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court