Schaum v Glass Gardens, Inc. (2024 NY Slip Op 04276)

Schaum v Glass Gardens, Inc.

2024 NY Slip Op 04276

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-10582
 (Index No. 516034/21)

[*1]Jennifer Schaum, appellant, 
v
Glass Gardens, Inc., et al., respondents.

Everett J. Petersson, P.C. (Arnold E. DiJoseph, P.C., Staten Island, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Torino & Bernstein, P.C., Mineola, NY (Ellie S. Konstantatos of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated October 28, 2022. The order denied the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer for spoliation of evidence.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on a white substance that she believed to be sour cream while she was shopping at the defendants' supermarket on September 2, 2020. By letter dated September 3, 2020, the plaintiff notified the defendants "to preserve any and all such video recordings" of the plaintiff's accident. In June 2021, the plaintiff commenced this action against the defendants to recover damages for personal injuries. In August 2021, the plaintiff served the defendants with a discovery demand, requesting, inter alia, "[a]ny video surveillance . . . that depicts . . . the condition complained of as it existed 3 hours prior to the accident." The defendants preserved approximately 30 minutes of video footage, commencing approximately 8 minutes prior to the accident. Thereafter, the plaintiff served the defendants with a supplemental and amended discovery demand seeking "surveillance video footage showing the condition of the aisle/location of the accident as it existed 3 hours prior to the accident." In the defendants' response, they asserted that other than the surveillance footage they had exchanged, there was no additional video footage.
The plaintiff then moved pursuant to CPLR 3126 to strike the defendants' answer for spoliation of certain video surveillance footage maintained by the defendants. The defendants opposed the motion on the ground that their failure to preserve the video surveillance footage requested nearly one year after the date of the accident did not deprive the plaintiff of the ability to prove her claim. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was [*2]relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Hirschberg v Winthrop-University Hosp., 175 AD3d 556, 556-557 [internal quotation marks omittied]; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (Phelps-Vachier v Genovese Drug Stores, Inc., 207 AD3d 582, 583 [internal quotation marks omitted]; see Hirschberg v Winthrop-University Hosp., 175 AD3d at 557). "If the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed evidence was relevant to the party's claim or defense" (Phelps-Vachier v Genovese Drug Stores, Inc., 207 AD3d at 583 [alterations and internal quotation marks omitted]; see Luzuriaga v FDR Servs. Corp., 189 AD3d 817, 818). The Supreme Court is empowered with broad discretion in determining the appropriate sanction for spoliation of evidence (see Sarris v Fairway Group Plainview, LLC, 169 AD3d 734, 736).
Here, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer for spoliation of evidence. The plaintiff failed to show that the absence of video surveillance footage depicting the condition complained of as it existed three hours prior to the accident deprived her of her ability to prove her claim (see Phelps-Vachier v Genovese Drug Stores, Inc., 207 AD3d at 584; Hirschberg v Winthrop-University Hosp., 175 AD3d at 557).
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court