Jorgge v Stop & Shop Supermarket Co., LLC

2026 NY Slip Op 02971

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Christian Jorgge, respondent,

v

Stop & Shop Supermarket Company, LLC, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-06393, (Index No. 721165/22)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Torino & Bernstein, P.C., Mineola, NY (Vincent J. Battista of counsel), for appellant.

Law Offices of Lawrence Perry Biondi, P.C. (Lisa M. Comeau, Garden City, NY, of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), dated March 21, 2024. The order granted the plaintiff's motion pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence and precluded a certain witness from testifying at trial.

ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof precluding a certain witness from testifying at trial, and substituting therefor a provision directing that an adverse inference charge be given against the defendant at trial; as so modified, the order is affirmed, with costs to the defendant.

In September 2022, the plaintiff, who was employed by a nonparty commercial extermination company, allegedly was injured when he fell off a ladder at the defendant's store. An accident report was created the same day, the accident was captured on video, and an employee of the defendant, John Karen, allegedly witnessed the accident.

The plaintiff commenced this action to recover damages for personal injuries. Discovery ensued, and at Karen's deposition, he testified that he provided a written statement to a store manager, Nakia Nivens, on the day of the accident. Thereafter, the plaintiff's attorney requested that the defendant produce Karen's written statement. The defendant's attorney responded that no such written statement could be located and subsequently provided an affidavit and a supplemental affidavit from Nivens. In her affidavits, Nivens averred, inter alia, that she could not recall if she had asked Karen to prepare a written statement in connection with the accident or if Karen actually provided a written statement, she did not personally possess a written statement prepared by Karen, and she performed a thorough search of all locations within the subject store where a written statement from Karen would have been kept, at the request of the defendant's counsel, and was unable to locate a written statement prepared by Karen.

In February 2024, the plaintiff moved pursuant to CPLR 3126 to impose sanctions for spoliation of evidence against the defendant and sought, among other things, to preclude Karen from testifying at trial. In an order dated March 21, 2024, the Supreme Court granted the plaintiff's [*2]motion and precluded Karen from testifying at trial. The defendant appeals.

"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Washington v Church & Nostrand Apparel Corp., 238 AD3d 1096, 1097 [internal quotation marks omitted]; see CPLR 3126; Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 794; N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d 823, 824). "'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Octobre v Soifer, 240 AD3d 503, 506, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547; see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1095-1096; Franco Belli Plumbing and Heating and Sons, Inc. v Dimino, 164 AD3d 1309, 1313). Where evidence has been intentionally or willfully destroyed, its relevance is presumed (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Smith v Cunningham, 154 AD3d 681, 682; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032). However, where evidence has been destroyed negligently, the party seeking spoliation sanctions must establish that the destroyed evidence was relevant to the party's claim or defense (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548; Smith v Cunningham, 154 AD3d at 682).

The Supreme Court possesses broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence (see CPLR 3126; Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551; Ortega v City of New York, 9 NY3d 69, 76; Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 714). "This Court will substitute its judgment for that of the Supreme Court only if its discretion was exercised improvidently" (Samaroo v Bogopa Serv. Corp., 106 AD3d at 714).

Here, the Supreme Court improvidently exercised its discretion in imposing the sanction against the defendant of precluding Karen from testifying at trial (see Scarano v Bribitzer, 56 AD3d 750, 751; Barone v City of New York, 52 AD3d 630, 631). Although the plaintiff demonstrated that the defendant was negligent in losing or destroying Karen's written statement, the plaintiff failed to demonstrate that the defendant's conduct rose to the level of being intentional or willful (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Luzuriaga v FDR Servs. Corp., 189 AD3d 817, 818; Smith v Cunningham, 154 AD3d at 682; Cioffi v S.M. Foods, Inc., 142

AD3d 520, 526). Nevertheless, the evidence was relevant to the plaintiff's claim (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548; Smith v Cunningham, 154 AD3d at 682). Although some sanction is warranted, precluding Karen from testifying at trial was an improvident exercise of the court's discretion (see McDonnell v Sandaro Realty, Inc., 165 AD3d at 1096; Smith v Cunningham, 154 AD3d at 682; Scarano v Bribitzer, 56 AD3d at 751; Barone v City of New York. 52 AD3d at 631). Under the circumstances of this case, the appropriate sanction was to give an adverse inference charge against the defendant at trial with respect to the spoliation of Karen's written statement (see McDonnell v Sandaro Realty, Inc., 165 AD3d at 1096; Smith v Cunningham, 154 AD3d at 682; Morales v City of New York, 130 AD3d 792, 794-795; Scarano v Bribitzer, 56 AD3d at 751; Barone v City of New York, 52 AD3d at 631).

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court